**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4741**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JAMES DANIEL BATTLE, a/k/a Mush, a/k/a Jimmy,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-04-69-IMK)

---

Submitted:  February 28, 2006          Decided:  April 5, 2006

---

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David W. Frame, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, David J. Perri, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James D. Battle was convicted after a jury trial of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3) (2000), and assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (2000). He appeals the 150-month sentence imposed, contending that, as charged in the indictment, the two offenses contained the same factual allegations, and therefore the imposition of a partially consecutive sentence--which resulted in a sentence above the statutory maximum for one offense--violated the Double Jeopardy Clause.

Battle, an inmate at F.C.I. Morgantown, assaulted fellow inmate Brian Jointer. Battle waited for Jointer to finish his shower, then threw hot coffee in Jointer's face, temporarily blinding him. Battle then took a broken wooden broom handle from his pocket and struck Jointer across the back of the head, hard enough to shatter the broom handle. Battle then repeatedly stabbed Jointer with the broken broom handle. As a result of the attack, Jointer suffered a detached retina and permanent loss of sight in his right eye.

Battle was charged in a two-count indictment with assault with a dangerous weapon and assault resulting in serious bodily injury. The jury found him guilty on both charges, and also found

by special interrogatory that the offenses involved more than minimal planning.

At sentencing, Battle's advisory guideline range was determined to be 120 to 150 months. The district court noted that the statutory maximum for each offense was 120 months. After consideration of the relevant sentencing factors, the district court stated that Battle needed to be incarcerated for as long as possible, and sentenced him to 120 months on each offense, but ran the sentences consecutive to each other for 30 months, to achieve a total sentence of 150 months. See U.S. Sentencing Guidelines Manual § 5G1.2(d) (2004).

Battle concedes that the offenses constitute separate crimes under the elements test of Blockburger v. United States, 284 U.S. 299, 304 (1932), but he contends that, as charged, the offenses were the same and therefore the consecutive portion of his sentence resulted in a double jeopardy violation.

To determine whether two charges are for the same offense, the relevant consideration is the language of the statute, not the language of the indictment. Id. ("Each of the offenses created requires proof of a different element.") (emphasis added); Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975) (stating that language of statute, not factual allegations in indictment, is determinative). If the statutory language for each crime requires proof of an additional element which is not an element of the other

crime, the offenses are separate offenses.  See Blockburger, 284 U.S. at 304.  However, if the statutory elements overlap completely such that proof of one crime necessarily proves the second crime, the defendant cannot receive separate punishments for the two crimes.

Here, as Battle concedes, the two assault crimes each contain an element that the other does not.  Notably, § 113(a)(3) requires the use of a dangerous weapon, an element not in § 113(a)(6).  Likewise, § 113(a)(6) requires proof that the assault resulted in serious bodily injury, an element not in § 113(a)(3). Because the statutory elements of the offenses do not completely overlap, they constitute two separate offenses, and conviction and punishment for both offenses does not run afoul of the Double Jeopardy Clause.  See Schmuck v. United States, 489 U.S. 705, 716-17 (1989) ("Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question, and not . . . by reference to conduct proved at trial regardless of the statutory definitions.").

Although the factual allegations for the two counts in the indictment are substantially similar, the parties acknowledged that the additional factual allegations were included as a precaution after the decision in Blakely v. Washington, 542 U.S. 296 (2004), issued, and before United States v. Booker, 543 U.S. 220 (2005).  Because it is the statutory language, not the

- 4 -

allegations in the indictment, that is used to determine whether two charges are the same offense or one is a lesser-included-offense of the other, the addition of factual allegations in the indictment does not convert two separate offenses into one offense. See Schmuck, 489 U.S. at 716-17; Blockburger, 284 U.S. at 304.

Lastly, we consider whether the thirty-month consecutive portion of Battle's sentence is unreasonable. As this Court recently held in United States v. Green, "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation omitted); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (holding that sentence must be "within the statutorily prescribed range and . . . reasonable.") (citations omitted). Here, Battle does not contend that the advisory guideline range of 120 to 150 months was improperly calculated. See USSG § 5G1.2(d); United States v. White, 238 F.3d 537, 543 (4th Cir. 2001). Thus, his 150-month sentence, which was within the properly calculated advisory range, was "presumptively reasonable." Green, 436 F.3d at 457.

In conclusion, we find that Battle was properly charged with and convicted of two separate assault offenses, which contain separate elements. Accordingly, we affirm his sentences, which were imposed to run consecutive to one another for thirty months to achieve the greatest possible punishment. See USSG § 5G1.2(d). We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED